# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERTA NICKIE EZELL QUILLMAN, NO. B85887, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) CIVIL NO. 18-cv-137-NJR ) |
| IDOC, and NICHOLAS LAMB, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Roberta Nickie Ezell Quillman, a transgender inmate in Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). According to the Complaint, Plaintiff is a transgender inmate who identifies as female and suffers from gender identity disorder. (Doc. 1, p. 5). Plaintiff claims that unspecified officials at Lawrence have denied her emergency requests for protective custody. *Id.* As a result, Plaintiff claims that she has been subjected to "public humiliation, discrimination, bullying, [and] physical and mental abuse. Plaintiff also claims she has been raped, sexually assaulted, and beaten by male inmates and by staff at Lawrence. Plaintiff claims she has attempted suicide. In connection with these claims, Plaintiff names only the Illinois Department of Corrections ("IDOC") and Nicholas Lamb, the Chief Administrative Officer at Lawrence. Plaintiff seeks monetary damages (Doc. 1, pp. 5-6) and injunctive relief (Doc. 1, p. 6) (placement in protective custody at Pontiac Correctional Center or Stateville Correctional Center).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## Discussion

Obviously, Plaintiff's allegations are troubling and raise significant concerns regarding her safety. Nonetheless, the Complaint must be dismissed at this time for failure to state a claim upon which relief may be granted.

In order to "... state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Finally, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S .C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id*.

In this case, Plaintiff does not associate her claims with any particular individual. She claims that she has been assaulted by "Lawrence Correctional Staff" and that she was wrongfully denied protective custody. Unfortunately, however, she does not identify or describe who these individuals are or how they were personally involved in violating her constitutional rights. Plaintiff must make plausible allegations against individuals. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that a complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). When a plaintiff does nothing but state that a group of individuals harmed her without providing more, all she has done is establish that there is a "sheer possibility" that someone in that group harmed her. This is insufficient.

Moreover, as mentioned above, the only named Defendants are IDOC and Nicholas Lamb, the Chief Administrative Officer at Lawrence. No matter what relief Plaintiff seeks against IDOC, her claims against it are barred because IDOC, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Plaintiff may pursue claims against Lamb in his individual capacity if Lamb was personally involved in

violating Plaintiff's constitutional rights. But Plaintiff has not alleged that Lamb was *personally* involved in the allegedly unconstitutional conduct (in fact, Lamb is not even referenced in the body of the Complaint), and Lamb is not subject to liability merely because he holds a supervisory position. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir.1992).[1]

If Plaintiff wants to pursue her claims, she must file an amended complaint. If known, the amended complaint should identify who violated Plaintiff's constitutional rights by name and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, she can refer to them by Doe designation (e.g., John Doe 1 [correctional officer working the noon shift]). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

As a final note, out of an abundance of caution, the Court will provide the warden of Lawrence with a copy of this order to make the institution aware of Plaintiff's allegations regarding her safety and the Court's concerns regarding the same.

## Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the

---

[1] Lamb is an appropriate official capacity defendant with respect to Plaintiff's request for injunctive relief. Plaintiff's request for injunctive relief cannot stand on its own, however; the right to injunctive relief is dependent upon stating a cognizable claim under § 1983. *See Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 889 (7th Cir. 2011) (bare claim for injunctive relief apart from the legal claim or theory which entitles one to such relief is not cognizable).

indigent plaintiff has made reasonable attempts to secure counsel on his or her own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

As to the first question, Plaintiff did not provide sufficient information for the Court to determine if she has made a reasonable effort to obtain counsel on her own. As to the second question, Plaintiff indicates that she has some high school education and suffers from learning disabilities. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. The Complaint and attached grievances demonstrate Plaintiff has an ability to construct coherent sentences and organize her claims into a cohesive pleading. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to identify the individuals that allegedly violated her rights and describe how her rights were violated. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time, and the motion is **DENIED**. The Court will remain open to the appointment of counsel in the future.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **IDOC** is **DISMISSED with prejudice** as an improper defendant. The Clerk of the Court is **DIRECTED** to **TERMINATE** IDOC as a party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 5, 2018**. Should Plaintiff fail to file her First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute her claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that she use the forms designed for use in this District for such actions. She should label the form, "First Amended Complaint," and she should use the case number for this action (*i.e.* 18-cv-12-NJR).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits she wishes the Court to consider along with the

First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that her obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of the Court is **DIRECTED** to mail a copy of this Order to the Warden of Lawrence.

**IT IS SO ORDERED.**

**DATED: January 29, 2018**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**