IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERTA NICKIE EZELL QUILLMAN, *also known as* ROBERT N. QUILLMAN NO. B85887, <br><br> Plaintiff, <br><br> vs. <br><br> IDOC, <br> NICHOLAS LAMB, <br> MICHAE B. GILREATH, and <br> C/O RUTHERFORD, <br><br> Defendants. | CIVIL NO. 18-cv-137-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Roberta Nickie Ezell Quillman (a/k/a Robert N. Quillman), a transgender inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's original Complaint (Doc. 1), which was filed when Plaintiff was housed at Lawrence Correctional Center ("Lawrence"), alleged as follows:

- Plaintiff is a transgender inmate who identifies as female and suffers from gender identity disorder.
- Unspecified officials at Lawrence were denying Plaintiff's emergency requests for protective custody.
- Plaintiff was being subjected to "public humiliation, discrimination, bullying, [and] physical and mental abuse.
- Plaintiff had been raped, sexually assaulted, and beaten by male inmates and by staff at Lawrence.
- Plaintiff had attempted suicide.

(Doc. 1, p. 5). In connection with these claims, Plaintiff sought monetary damages and injunctive relief. Specifically, Plaintiff asked to be placed in protective custody at Pontiac or Stateville Correctional Center. As noted above, after filing the original Complaint, Plaintiff was transferred to

1

Pontiac and is presently incarcerated at that institution.

The original Complaint did not associate Plaintiff's claims with any particular individual; instead, she generally alleged she had been assaulted by "Lawrence Correctional Staff." Unfortunately, however, Plaintiff did not identify any particular staff member or describe how any particular staff member was personally involved in violating her constitutional rights. Accordingly, the original Complaint was dismissed without prejudice and with leave to amend. The IDOC, however, was dismissed with prejudice as an improper defendant. In dismissing the original Complaint, the Court explained as follows:[1]

> If Plaintiff wants to pursue her claims, she must file an amended complaint. If known, the amended complaint should identify who violated Plaintiff's constitutional rights by name and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, she can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

(Doc. 5, p. 4).

This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Upon careful review of the Amended Complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

---

[1] The Court also provided the warden of Lawrence with a copy of the dismissal order to make the institution aware of Plaintiff's allegations regarding her safety and of the Court's concerns regarding the same.

**Amended Complaint**

The Amended Complaint names the IDOC, Nicholas Lamb, Michael B. Gilreath, and Corrections Officer ("C/O") Rutherford as defendants. The statement of claim in the Amended Complaint provides as follows: "January 25, 2018[2] filed with clerk's office U.S. District Court Southern District Illinois Deputy Clerk: Jo Ann Juengel." (Doc. 13, p. 5). Plaintiff also attaches two grievances pertaining alleged assaults and sexual harassment.[3] The grievances describe assaults by other inmates and sexual harassment by a correctional officer who is not a defendant named in this action. In one grievance, Plaintiff claims that Lamb and his "staff" are ignoring concerns about her safety. But the grievance does not describe any particular interactions with Lamb, and Defendants Gilreath and Rutherford are not referenced in either grievance.

**Discussion**

Unfortunately, Plaintiff has failed to describe how any of the named defendants were personally involved in violating her constitutional rights. In order to state a claim against Lamb, Gilreath, or Rutherford, Plaintiff must describe how these individuals violated her rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). For instance, Plaintiff should tell the Court if she complained to Lamb, Gilreath, or Rutherford about a specific, impending, and substantial threat to her safety. If she did complain to these individuals, Plaintiff should describe how each individual responded (or failed to respond). Plaintiff's grievances also suggest that staff members have assaulted and/or sexually harassed her. If that is true, Plaintiff must name those individuals as defendants in her case caption and describe what each individual did in her statement of claim. Plaintiff's Amended Complaint, which simply refers to her original Complaint, fails to do this. The attached grievances also do not state a claim against any of the named defendants.

---

[2] The original Complaint (Doc. 1) was filed on January 25, 2018.
[3] Both grievances also were attached to the original Complaint.

For these reasons, the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's claims against the IDOC, however, shall be dismissed with prejudice. As the Court previously explained, the Illinois Department of Corrections, as a state agency, is not a "person" that may be sued under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

**Disposition**

**IT IS HEREBY ORDERED** that the Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the **IDOC** is **DISMISSED with prejudice** as an improper defendant. The Clerk of Court is **DIRECTED** to **TERMINATE IDOC** as a party in the Case Management/Electronic Case Filing ("CM/ECF") system.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **July 5, 2018**. Should Plaintiff fail to file her Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire action shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute her claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that she use the forms designed for use in this District for such actions. She should label the form, "Second Amended Complaint," and she should use the case number for this action (*i.e.* 18-cv-137-NJR).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.

4

2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits she wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that her obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 4, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**