# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERTA NICKIE EZELL QUILLMAN, ) *also known as* ROBERT N. QUILLMAN ) NO. B85887, ) ) Plaintiff, ) ) vs. ) ) IDOC, ) NICHOLAS LAMB, ) MICHAE B. GILREATH, ) C/O RUTHERFORD, and ) JOHN DOE, ) ) Defendants. ) | CIVIL NO. 18-cv-137-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Roberta Nickie Ezell Quillman (a/k/a Robert N. Quillman), a transgender inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint (Doc. 1), which was filed when Plaintiff was housed at Lawrence Correctional Center ("Lawrence"), alleged Plaintiff was being subjected to physical and sexual abuse, and that her requests for protective custody had been wrongfully denied. In connection with her claims, Plaintiff sought monetary damages and injunctive relief. Specifically, Plaintiff asked to be placed in protective custody at Pontiac or Stateville Correctional Center. As noted above, after filing the original Complaint, Plaintiff was transferred to Pontiac and is presently incarcerated at that institution.

The original Complaint did not associate Plaintiff's claims with any particular individual; instead, she generally alleged she had been assaulted by "Lawrence Correctional Staff." Accordingly, it did not survive preliminary review and was dismissed without prejudice and with leave to amend.

1

(Doc. 5). On March 15, 2018, Plaintiff timely filed a First Amended Complaint. (Doc. 13). The First Amended Complaint suffered from many of the same deficiencies, and it was dismissed without prejudice and with leave to amend. (Doc. 14).

Plaintiff's Second Amended Complaint (Doc. 15), filed on June 22, 2018, is now before the court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **Second Amended Complaint**

According to the Second Amended Complaint, on January 5, 2018, and January 18, 2018, Plaintiff was beaten by Gilreath, Rutherford, and John Doe. (Doc. 15, p. 5). As a result of the alleged beating, Plaintiff had a black eye and bruised ribs. *Id.* Plaintiff also claims that Gilreath, Rutherford, and John Doe "subjected [her] to public humiliation, discrimination, bullying, [and], physical and mental abuse." *Id.* However, Plaintiff does not offer any facts in support of the latter claim. *Id.*

Plaintiff alleges that, while housed at Lawrence, she was raped, sexually assaulted, and beaten by both inmates and correctional officers. *Id.* Plaintiff does not associate this claim with any particular defendant, and she does not offer any facts in support of these conclusory allegations. *Id.*

Finally, Plaintiff claims that Lamb, Gilreath, Rutherford, and John Doe denied her requests for protective custody. *Id.* But, once again, Plaintiff does not provide any specific factual information in support of her claim. *Id.*

**Dismissal of IDOC**

As the Court previously explained, IDOC, as a state agency, is not a "person" that may be sued under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Accordingly, IDOC shall be dismissed from the action with prejudice.

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.[1]

**Count 1:** Gilreath, Rutherford, and John Doe used excessive force against Plaintiff on January 5, 2018, and January 18, 2018, in violation of the Eighth Amendment.

**Count 2:** Gilreath, Rutherford, and John Doe subjected Plaintiff to public humiliation and other forms of abuse, in violation of the Eighth Amendment.

**Count 3:** Unspecified correctional officers physically and sexually abused Plaintiff, in violation of the Eighth Amendment.

**Count 4:** Lamb, Gilreath, Rutherford, and John Doe denied Plaintiff's requests for protective custody, in violation of the Eighth Amendment.

**Count 1**

The Second Amended Complaint suggests that, on January 5, 2018, and January 18, 2018, Gilreath, Rutherford, and John Doe physically assaulted Plaintiff without penological justification. According to Plaintiff, as a result of the assaults, she suffered a black eye and bruised ribs. This is sufficient to allow Count 1 to proceed against Gilreath, Rutherford, and John Doe. *See* e.g., *Wilkins v. Gaddy,* 599 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

---

[1] The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

### Count 2

Plaintiff states that she "was being subjected to public humiliation, discrimination, bullying, [and] physical and mental abuse by [Gilreath, Rutherford, and John Doe]." (Doc. 15, p. 5). This allegation is too vague to put any defendant on notice of what conduct he or she engaged in that caused Plaintiff's alleged constitutional deprivation. Plaintiff does not describe the circumstances surrounding the alleged public humiliation and other forms of alleged abuse. Although Plaintiff is not required to engage in fact pleading, she must plead *some* facts that demonstrate it is plausible that her Eighth Amendment rights were violated. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Accordingly, Count 2 shall be dismissed without prejudice.

### Count 3

This claim is not associated with any particular defendant. Accordingly, it is subject to dismissal without prejudice. *See Bell Atlantic Corp.,* 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

### Count 4

Plaintiff's failure to protect claim is solely based on the specified defendants' alleged failure to place her in protective custody at her request. However, "the fact that an inmate sought and was denied protective custody *is not* dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." *Lewis v. Richards,* 107 F.3d 549, 553 (7th Cir. 1997) (emphasis added). Instead, to maintain such a claim, Plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010). The Second Amended Complaint is devoid of any allegations suggesting that Plaintiff communicated with Defendants about a specific threat to her safety; Plaintiff merely states that her requests for protective custody were denied. This allegation, standing alone, is insufficient. Accordingly, Count 4 shall be dismissed without prejudice.

### Injunctive Relief

In her request for relief, Plaintiff asks to be placed in protective custody at Pontiac or Stateville Correctional Center. As previously noted, Plaintiff is presently housed at Pontiac. Thus, the relief Plaintiff seeks cannot be ordered against any of the Lawrence officials in *this* action. A request for injunctive relief against officials at a particular prison becomes moot once the prisoner is no longer housed at that institution. *See Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004). In order for Plaintiff to obtain the injunctive relief she seeks (assuming she is being denied protective custody at Pontiac), she must file an action against the officials at her current prison, subject to the usual requirements that she first exhaust her administrative remedies through the prison grievance procedure.

For these reasons, Plaintiff's request for injunctive relief is denied without prejudice.

### Relief Requested

In this case, Plaintiff has only requested injunctive relief. As noted above, the specified injunctive relief cannot be ordered against any of the Lawrence officials in this action. Thus, Plaintiff's only requested relief is not properly before the Court in *this* case, and the request has been denied without prejudice. An incomplete demand for relief, however, does not warrant dismissal. *See* FED. R. CIV. P. 54(c) (prevailing party should receive any relief to which it is entitled, "even if the party has not demanded that relief in its pleadings."). *See also Jones v. Butler,* 663 F. App'x 468, 470 (7th Cir. 2016). Accordingly, despite the incomplete request for relief, the case shall proceed as set forth in this Order. The Court can ascertain whether Plaintiff wants to pursue other forms of relief as the case progresses. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("It would be appropriate and indeed quite sensible for a judge confronting a complaint that does not demand proper relief to ascertain whether the plaintiff wants the improper relief sought in the complaint or nothing; if so, the complaint must be dismissed.")

### Identification of Unknown Defendant

The current warden of Lawrence, Kevin Kink, shall be added to the docket (official capacity only) for the purpose of responding to discovery (informal or formal) aimed at identifying John Doe. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 832 (7th Cir. 2009) (describing when an inmate should be given the opportunity to engage discovery to ascertain the identity of unknown defendants). Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John Doe is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Second Amended Complaint.

### Disposition

**IT IS ORDERED** that **IDOC** is **DISMISSED** from the action with prejudice. The Clerk of Court is **DIRECTED** to terminate **IDOC** as a party in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court is further **DIRECTED** to add the warden of Lawrence, **KEVIN KINK** (official capacity only), to the docket for the purpose of responding to discovery aimed at identifying **JOHN DOE**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against **Gilreath, Rutherford, and John Doe.**

**IT IS FURTHER ORDERED** that **COUNTS 2, 3,** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **LAMB** is **DISMISSED** from the Complaint without prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate **LAMB** as a party in CM/ECF.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **GILREATH,**

**RUTHERFORD,** and **KINK** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **JOHN DOE** until such time as he has been identified by name in a properly filed motion for substitution of parties.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that her application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 27, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**